UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR N. RAMIREZ,<br><br>  Petitioner,<br><br>  v.<br><br>ROBERT HARMON; et al.,<br><br>  Respondents. | No. C 08-0037 MHP (pr)<br><br>**ORDER OF DISMISSAL** |

This action was opened on January 4, 2008, when the court received a petition for writ of habeas corpus from petitioner challenging a January 24, 2007 decision by the Board of Parole Hearings finding him not suitable for parole. The petition has two problems which lead the court to dismiss it: it appears to have been filed in the wrong court and state judicial remedies have not been exhausted for the claims in the petition.

First, it appears that the petition was sent to the wrong court. Although the envelope containing the petition was addressed to this court and used the street address for this court, the caption on the petition in the envelope indicates it was intended to be filed in the "Sixth District Court of Appeal For The State Of California." Another indicator that the petition was intended to be sent to the California Court of Appeal rather than the U.S. District Court is that the petition was filed shortly after a petition for writ of habeas corpus in the Monterey County Superior Court was denied on November 27, 2007 – suggesting that petitioner intended to proceed to the next level in the state court system rather than proceed prematurely to federal court. Yet another indicator that the petition was sent to the wrong address is the fact that the petitioner conflated the names of the two courts and came up with a non-existent

1  entity, as he wrote that he sent his "habeas corpus brief appeal to United States District Court
2  for the Northern District of California For the 6th Appellate Circuit."  Petition, p. O-B.
3       Second, regardless of whether the petition was intended to be filed in this court, it is
4  premature here because state court remedies have not been exhausted.  Prisoners in state
5  custody who wish to challenge either the fact or length of their confinement in federal court
6  by a petition for writ of habeas corpus are first required to exhaust state judicial remedies,
7  either on direct appeal or through collateral proceedings, by presenting the highest state court
8  available with a fair opportunity to rule on the merits of each and every issue they seek to
9  raise in federal court.  28 U.S.C. § 2254(b),(c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34
10 (1987).  Petitioner has not yet filed a petition in the California Supreme Court challenging
11 the January 2007 parole denial.  He must present his claims to the California Supreme Court
12 to give that court a fair opportunity to rule on the merits of his claims before he presents the
13 claims in a federal habeas petition.
14      For the foregoing reasons, this action is DISMISSED without prejudice to petitioner
15 filing a new habeas action after available state judicial remedies are exhausted.   In light of
16 the court's determination that the petition apparently was sent to the wrong court, the clerk
17 shall send a copy of the petition to the California Court of Appeal, Sixth Appellate District,
18 Suite # 1060, 333 W. Santa Clara Street, San Jose, CA 95113-1717 for filing in that court.
19 The clerk shall send with the petition a copy of this order so that court will be able to
20 understand why the petition first went to this court and is being redirected to that court.
21      The <u>in forma pauperis</u> application is GRANTED.  (Docket # 4.)
22      The clerk shall close the file.
23      IT IS SO ORDERED.
24 DATED:  April 9, 2008
25                          Marilyn Hall Patel
                         United States District Judge
26
27
28